UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SOPHIA DE ANDA,<br><br>Defendant. | Case No. 18-cr-00538-TSH-1<br><br>**ORDER DENYING MOTION TO SET DISCOVERY CUT-OFF 14 DAYS BEFORE TRIAL**<br><br>Re: Dkt. No. 31 |

## I. INTRODUCTION

Defendant Sophia De Anda requests the Court set a discovery cut-off date of 14 days prior to trial. ECF No. 31. The government opposes the motion. ECF No. 35. For the reasons stated below, the Court **DENIES** the motion.

## II. LEGAL STANDARD

Under *Brady v. Maryland*, 373 U.S. 83, 87 (1963) and its progeny, the United States is required to disclose evidence favorable to an accused that is material to guilt or punishment. *See also United States v. Bagley*, 573 U.S. 667, 676 (1985); *Giglio v. United States*, 405 U.S. 150, 154 (1972). In addition, California Rule of Professional Conduct 5-110(D) requires prosecutors to "[m]ake timely disclosure to the defense of all evidence or information known to the prosecutor that the prosecutor knows or reasonably should know tends to negate the guilty of the accused, mitigate the offense, or mitigate the sentence," except when the prosecutor is relieved of this responsibility by the court. As the comment to the Rule 5-110(D) explains, "[t]he disclosure obligations . . . are not limited to evidence or information that is material as defined by *Brady* . . . and its progeny," but rather includes, "at a minimum, the duty to disclose impeachment evidence or information that a prosecutor knows or reasonably should know casts significant doubt on the

accuracy or admissibility of witness testimony on which the prosecution intends to rely." Cal. Rules of Prof. Conduct, Rule 5-110(D) cmt. 3. Rule 5-110(D) is binding on the government's attorneys practicing in this state. *See* 28 U.S.C. § 530B(a); N.D. Cal. Civ. R. 11-4(a); N.D. Cal. Crim. R. 2-1.[1]

### III. DISCUSSION

As there is no dispute over whether the United States is obligated to make the disclosures in question, the only issue here is when. De Anda argues "[t]his is a case involving multiple forms of communication, including emails, phone calls, voice messages, and letters, to various recipients from different organizations," and "[h]aving a clear cut-off date is therefore particularly important in this case." Mot. at 1. However, the government argues any such deadline "is both unnecessary and inappropriate" because it "understands and appreciates its discovery obligations under *Brady* and Rule 3.8(d) and is committed to upholding them." Opp'n at 1.

Trial in this matter is set for July 8, 2019, which means that even if the Court were to grant De Anda's request, the material would have been due by June 24, 2019. Further, at the April 18, 2019 case management conference, the parties requested the Court set a deadline of June 5, 2019 for all pretrial motions and a deadline of June 26, 2019 for oppositions. ECF Nos. 20, 21. Although De Anda did not raise her current request at that time, the deadline she requests would be prejudicial as the government's opposition to this motion was not due until June 26, after the proposed cut-off date. Finally, De Anda fails to show that the government has not complied with its disclosure obligations. In fact, she admits in her motion that the government "has pledged to comply" with the requirements of Rule 5-110(D). Accordingly, De Anda's motion is **DENIED**.

However, given that the trial in this case is less than two weeks away, if the government obtains any materials covered by Rule 5-110(D) or *Brady* that have yet to be produced, the Court

---

[1] The disclosures required under Rule 5-110(D) are also consistent with those required under the United States Attorneys' Manual and U.S. Department of Justice policy, which also require disclosure broader than *Brady*. *See U.S. Attorney's Manual* 9-5.001(C), 9-5.001(B)(1); David Ogden, Guidance for Prosecutors Regarding Criminal Discovery (Jan. 4, 2010), available at http://www.justice.gov/dag/discovery-guidance.html; Statement of Deputy Attorney General James M. Cole before Senate Judiciary Committee (June 6, 2012), available at http://www.justice.gov/iso/opa/dag/speeches/2012/dag-speech-120606.html.

sets a 24-hour disclosure deadline. *United States v. Walker*, 2018 WL 3023518, at *2 (N.D. Cal. June 18, 2018) ("If new exculpatory evidence is discovered after that date, then disclosure shall be made to Defendant within 24 hours of discovery.").

## IV. CONCLUSION

Based on the analysis above, the Court **DENIES** De Anda's motion to set a discovery cut-off 14 days before trial. If the government obtains new exculpatory evidence prior to trial, then disclosure shall be made to De Anda within 24 hours of discovery.

**IT IS SO ORDERED.**

Dated: June 26, 2019

THOMAS S. HIXSON
United States Magistrate Judge