UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>SOPHIA DE ANDA,<br>Defendant. | Case No. 18-cr-00538-TSH-1<br><br>**ORDER RE: MOTIONS IN LIMINE**<br>Re: Dkt. Nos. 27, 29 |

Pending before the Court are the government's and Defendant Sophia De Anda's motions in limine. ECF Nos. 27 (Gov't Mot.), 29 (Def.'s Mot.), 33 (Gov't Sealed Mot.).[1] On July 2, 2019, the Court held a pretrial conference in this matter, at which time it heard oral argument on the motions. After carefully considering the parties' arguments and the relevant legal authority, the Court rules as follows.

## I. BACKGROUND

On November 2, 2018, the government filed an information against Sophia De Anda charging her with one count of violating 18 U.S.C. § 13, assimilating California Penal Code section 653m(b) – Making Telephone Calls or Contact by Electronic Communication Device with Intent to Annoy, a Class B misdemeanor. ECF No. 1. Section 653m(b) provides:

> Every person who, with intent to annoy or harass, makes repeated telephone calls or makes repeated contact by means of an electronic communication device, or makes any combination of calls or contact, to another person is, whether or not conversation ensues from making the telephone call or contact by means of an electronic communication device, guilty of a misdemeanor. Nothing in this subdivision shall apply to telephone calls or electronic contacts made in good faith or during the ordinary course and scope of business.

---

[1] The government, with De Anda's consent, filed its motions in limine 5 and 6 under seal. ECF No. 33; *see also* ECF No. 32 (Order granting motion to file under seal); ECF No. 34 (Oki Decl. in support).

1   On May 10, 2019, the government filed a superseding information in which it alleges that between September 6 and September 24, 2018, De Anda "made repeated telephone calls and repeated contact to employees of the Veteran's Affairs Office in Menlo Park, by means of an electronic device, . . . whether or not conversation ensued from making the telephone call and contact by means of an electronic communication device, with intent to annoy and harass." ECF No. 22 at 1-2.

The matter is set to proceed to trial on July 8, 2019.

## II. THE GOVERNMENT'S MOTIONS IN LIMINE

### A. Number 1: De Anda's Emails and Voicemails

The government seeks to prohibit De Anda from offering portions of her emails and phone calls through any witness other than through her direct testimony. Gov't Mot. at 4-5. The government contends it may offer De Anda's statements as non-hearsay admissions by a party-opponent, but De Anda may not use her own prior statements even if the government introduces only incriminating portions of them. *Id.* at 4.

In response, De Anda argues her communications are admissible non-hearsay evidence because they are introduced not for the truth of the matters they assert, but because they are probative of her subjective intent and good faith. Def.'s Opp'n at 1, ECF No. 38. She also argues they are admissible under Federal Rule of Evidence 106, the rule of completeness. *Id.*

Evidence is inadmissible under the hearsay rule if it is a statement made outside of court that is offered to prove the truth of the matter asserted. Fed. R. Evid. 801(c). However, a statement offered against a defendant that was made in the defendant's individual capacity is not hearsay. Fed. R. Evid. 801(d)(2)(A); *see United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000) ("[S]elf-inculpatory statements, when offered by the government, are admissions by a party-opponent and are therefore not hearsay."). Thus, to the extent the government seeks to introduce De Anda's prior statements, the motion is **GRANTED**.

However, as to the government's position that only it should be able to introduce De Anda's out of court statements, the Court finds such a decision premature. The Court agrees that Rule 801(d)(2) would not allow De Anda to introduce her own out of court hearsay statements if

2

offered to prove the truth of the matter asserted, *see Ortega*, 203 F.3d at 682 (non-self-inculpatory statements are inadmissible hearsay), but it declines to broadly rule that all of her out of court statements are inadmissible when introduced by her. "The admissibility of particular statements depends on the statement at issue, the purpose of the statements' introduction into evidence, and whether any of the exceptions to the rule against hearsay apply to those statements." *United States v. Aiyaswamy*, 2017 WL 1365228, at *3 (N.D. Cal. Apr. 14, 2017) (declining to preclude defendant from introducing any out of court statements at the motion in limine stage). Accordingly, the motion is **DENIED** without prejudice to the extent the government seeks to preclude De Anda from introducing any of her out of court statements. "Such a decision is better made when the Court has before it the hearsay statements, if any, that Defendant seeks to introduce." *Id.*

## B. Numbers 2 & 3: Emails and Phone Calls Before and After Charged Conduct

In addition to the charged conduct between September 6 and September 24, 2018, the government seeks to introduce evidence of De Anda's communications between July 10 and August 29, 2018, and October 11 and November 16, 2018. Gov't Mot. at 5-6; Gov't Ex. List at 2-5(list of emails with subject lines), ECF No. 25. It moves for admission of these additional communications on two bases: they are "inextricably intertwined" and, alternatively, they are admissible under Federal Rule of Evidence 404(b). Gov't Mot. at 5-6.

### 1. Timeliness

As a preliminary matter, De Anda moves in her second motion in limine to exclude some of these communications as untimely disclosed. Def.'s Mot. at 4. She notes the government provided her with two lists of emails, one on May 29, 2019 (*id.*, Ex. A) and the second on June 3, 2009 (*id.*, Ex. B), and argues that any emails in the June 3 disclosure should be excluded because they were disclosed after the deadline in the Court's April 18, 2019 Case Management Order, which required disclosure by May 29, 2019. *Id.* at 4; *see also* ECF No. 21 (Case Management Order). The government acknowledges the June 3 letter was sent after the deadline set by the Court, but maintains it did not change the general nature of the evidence to be used at trial, which is to "demonstrate the progression, length, and gravity of harassment that took place leading up to

3

and after the charged conduct." Gov't Opp'n at 6, ECF No. 36.

Federal Rule of Evidence 404(b)(2)(A) provides that the government must give notice of any acts it intends to admit for a non-propensity purpose. "Failure to provide notice or obtain an excuse from the district court, renders the other acts evidence inadmissible, whether the evidence is used in the prosecution's case-in-chief or for impeachment." *United States v. Vega*, 188 F.3d 1150, 1153 (9th Cir. 1999); Fed. R. Evid. 404(b) (adv. comm. notes 1991 amendments) ("Because the notice requirement serves as condition precedent to admissibility of 404(b) evidence, the offered evidence is inadmissible if the court decides that the notice requirement has not been met." The Advisory Committee Notes to the 1991 Amendments that added the notice requirement to Rule 404(b) indicate that: "Other than requiring pretrial notice, no specific time limits are stated in recognition that what constitutes a reasonable request or disclosure will depend largely on the circumstances of each case."

Here, although the government disclosed the emails five days after the deadline, disclosure was still over four weeks before trial. Three weeks has been found to be reasonable. *See United States v. Benvin*, 2013 WL 2154390, at *3 (D. Nev. May 17, 2013); *United States v. Martin*, 2009 WL 997396, at *4 (C.D. Cal. April 14, 2009). As the reasonable notice requirement "is designed to reduce surprise and promote early resolution of admissibility issues," *Vega*, 188 F.3d at 1153, the Court finds four weeks is a reasonable time and therefore declines to exclude these emails on timeliness grounds.

### 2. Inextricably Intertwined (MIL #2)

Federal Rule of Evidence Rule 404(b) "provides that evidence of 'other crimes, wrongs, or acts' is inadmissible to prove character or criminal propensity but is admissible for other purposes, such as proof of intent, plan, or knowledge." *United States v. Rizk*, 660 F.3d 1125, 1131 (9th Cir. 2011) (quoting Fed. R. Civ. P. 404(b)). However, "evidence of "other acts" is not subject to Rule 404(b) analysis if it is "inextricably intertwined" with the charged offense." *United States v. Wells*, 879 F.3d 900, 928 (9th Cir. 2018) (quoting *United States v. Beckman*, 298 F.3d 788, 793 (9th Cir. 2002) (internal quotations omitted). The Ninth Circuit recognizes two categories of "inextricably intertwined" evidence, which may be admitted without regard to Rule 404(b): (1) if

4

"the particular acts of the defendant are part of . . . a single criminal transaction"; or (2) where it is necessary for "the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." *Id.* (citation and quotations omitted).

The government argues that records of De Anda's communications transmitted before and after the charged conduct should be admitted under the second category of the inextricably intertwined doctrine because they "demonstrate the progression, length, and gravity of harassment that took place leading up to it." Gov't Mot. at 5. It notes that the communications at issue in the information took place after she received a request from the VA to "cease unwanted communication." *Id.* In response, De Anda argues the government has failed to show that evidence of contacts made before and after the charged crime are "necessary" because the government fails to show it would encounter difficulty in proving the elements of its case without it. Def.'s Opp'n at 4.

The Court finds the evidence is not inextricably intertwined with the charged conduct in this case. Although the evidence may assist the government's narrative regarding the progression of the nature and duration of the communication, it is not necessary to provide a "coherent and comprehensible story" regarding the offense for which De Anda is currently charged. *See United States v. Peyton*, 28 F. App'x 655, 658 (9th Cir. 2002) (Where defendant convicted of credit card fraud, the Ninth Circuit affirmed the district court's decision to include fraudulent credit card transactions that were not charged under Rule 404(b), but found they were not inextricably intertwined as such "records recount the details of transactions that were wholly separable from the transactions that are the basis of the criminal charge.") (citing *United States v. Williams*, 989 F.2d 1061, 1070 (9th Cir. 1993) (holding that offenses committed as part of a "single criminal episode" do not become other acts simply because the defendant is "indicted for less than all of his actions"). While the non-charged communications may be similar, they are separate incidents that are not necessary for the government to establish a narrative. Accordingly, the Court **DENIES** the government's second motion in limine.

3. **Rule 404(b)(2) (MIL #3)**

The government argues De Anda's communications before and after the charged conduct

help establish they were "part of a pattern of intentional annoyance that persisted for many months." Def.'s Mot. at 6. It notes the communications took place prior to a VA request for her to stop and continued even after she was charged. *Id.* The government further argues "the communication is not only similar, but identical to the communication that forms the basis of the criminal charge." *Id.*

In response, De Anda argues that "[i]ntroducing evidence that Ms. De Anda engaged in near-identical conduct over a longer period of time than charged in the Superseding Information does not bear on any material point before the Court" because "[t]he material issues of Ms. De Anda's intent and good faith cannot be clarified by looking at similar emails sent over a longer period of time." Def.'s Opp'n at 6. She further argues the government's "proffer as to the intended use of the emails assumes that the emails themselves are sufficient to establish that Ms. De Anda had the required intent to annoy or harass when she sent them but that proffer is subject to the same defenses as the government's evidence at trial." *Id.* at 7. Finally, De Anda argues the communications should be excluded under Federal Rule of Evidence 403 "because any probative value is outweighed by the needless presentation of cumulative evidence. The 404(b) communications are nearly identical to the charged communications and offer no further insight into the elements at issue." *Id.*

Rule 404(b) "provides that evidence of 'other crimes, wrongs, or acts' is inadmissible to prove character or criminal propensity but is admissible for other purposes, such as proof of intent, plan, or knowledge." *Rizk*, 660 F.3d at 1131 (quoting Fed. R. Civ. P. 404(b)). "Rule 404(b) is a rule of inclusion—not exclusion—which references at least three categories of other 'acts' encompassing the inner workings of the mind: motive, intent, and knowledge." *United States v. Curtin*, 489 F.3d 935, 944 (9th Cir. 2007). Such evidence is therefore admissible if: "(1) the evidence tends to prove a material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) (in cases where knowledge and intent are at issue) the act is similar to the offense charged." *United States v. Verduzco*, 373 F.3d 1022, 1027 (9th Cir. 2004). "The use of evidence pursuant to this rule 'must be narrowly circumscribed and limited' and 'may not be introduced unless the

6

government establishes its relevance to an actual issue in the case.'" *United States v. Garcia-Orozco*, 997 F.2d 1302, 1304 (9th Cir. 1993) (quoting *United States v. Hodges*, 770 F.2d 1475, 1479 (9th Cir. 1985) (internal quotations omitted)).

Here, the Court finds the communications tend to prove a material point in that the VA requested De Anda stop the communications, yet she continued even after being charged with the present offense. Given that De Anda had knowledge of the charge against her, continued communications of the same type could be relevant to showing a specific intent to annoy or harass. Second, the additional communications took place prior to the VA's request to stop the communications and continued after De Anda was charged and are therefore not remote in time. Third, the evidence is sufficient on its own to support a finding that De Anda committed the "other act" communications because it includes her emails and voicemail records. Finally, the communication is not only similar, but identical to the communication that forms the basis of the criminal charge. Accordingly, because they tend to establish proof of intent, plan or knowledge, the Court finds the communications before and after the charged conduct are not subject to the exclusion under Rule 404(b). *See Peyton*, 28 F. App'x at 658 (Where defendant convicted of credit card fraud, the Ninth Circuit affirmed district court's decision to admit credit card transactions not part of crime charged under Rule 404(b), finding: "This is not argument to prove character and action in conformity therewith, but instead evidence of plan, preparation, or opportunity."); *United States v. Mundi*, 892 F.2d 817, 820 (9th Cir. 1989) (Where government sought to introduce evidence that defendant defrauded eleven travel agencies, but indictment named only one agency specifically, court properly admitted evidence to show intent under Rule 404(b) because his defense "largely concerned his lack of criminal intent.") (citing *Huddleston v. United States*, 485 U.S. 681 (1988);[2] *United States v. Faust*, 850 F.2d 575, 584-85 (9th Cir. 1988); *United States v. Soliman*, 813 F.2d 277, 279 (9th Cir. 1987).

Finally, Rule 403 provides that a district court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair

---

[2] No pin cite included.

7

prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Unfair prejudice is defined as "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Haischer*, 780 F.3d 1277, 1281 (9th Cir. 2015). However, the Court finds De Anda's Rule 403 argument inapplicable here because this action will be tried in a bench trial. *See E.E.O.C. v. Farmer Bros. Co.*, 31 F.3d 891, 898 (9th Cir. 1994) (risk that a verdict will be affected unfairly and substantially by the admission of evidence is far less in a bench trial) (citing *Gulf States Utilities Co. v. Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir. 1981) (excluding relevant evidence on the basis of unfair prejudice "has no logical application to bench trials" and is "a useless procedure"); *United States v. Ziska*, 267 F. App'x 717, 719 (9th Cir. 2008) ("Ziska had a bench trial before an experienced district judge, lessening the risk of potential unfair prejudice, if any.") (citing *United States v. Caudle*, 48 F.3d 433, 435 (9th Cir. 1995)); *Cmty. Ass'n for Restoration of the Env't, Inc. v. Cow Palace, LLC*, 80 F. Supp. 3d 1180, 1216 (E.D. Wash. 2015) ("Rule 403 has a limited role, if any, in a bench trial.") (citations omitted); *Bullard v. Wastequip Mfg. Co. LLC*, 2015 WL 13757143, at *9 (C.D. Cal. May 4, 2015) (in bench trials, "the possibility of unfair prejudice, confusion of the issues, or delay and wasted time is remote."). And, even if the communications are cumulative, the Court finds they are not needless because, as discussed above, they go toward establishing intent.

Accordingly, the Court **GRANTS** the government's motion.

**C.     Number 4: Allegations of Inadequate Treatment by the VA**

The government seeks to exclude, under Rule 403, any evidence from De Anda regarding inadequate treatment by the VA. Gov't Mot. at 6. It argues that "[g]iven the nature and content of the emails sent by De Anda, the government anticipates that the defense may seek to place the victims and recipients of De Anda's repeated communications on trial for alleged inadequate treatment based solely on being employees of the VA," but the probative value of such evidence is substantially outweighed by the dangers of unfair prejudice. *Id.* at 6-7.

The Court finds the testimony relevant because De Anda's subjective beliefs and motivations for making the communications are directly relevant to the ultimate issue in this case

8

– her intent. And, as discussed above, analysis under Rule 403 is unnecessary as this is a bench trial. Even if the Court were to consider a Rule 403 analysis, the Ninth Circuit has cautioned "that the exclusion of evidence offered by the defendant in a criminal prosecution under Rule 403 is 'an extraordinary remedy to be used sparingly.'" *Haischer*, 780 F.3d at 1281 (quoting *United States v. Mende*, 43 F.3d 1298, 1302 (9th Cir. 1995)). "'[T]he danger of [unfair] prejudice must not merely outweigh the probative value of the evidence, but *substantially* outweigh it.'" *Id.* (quoting *Mende*, 43 F.3d at 1302, alterations and emphasis in original). "'[A]pplication of Rule 403 must be cautious and sparing' because the Rule's 'major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect.'" *Id.* (quoting *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000)). Here, De Anda's testimony regarding her intent in making the communications goes directly to an element of the charged conduct and is therefore not a matter of scant or cumulative probative force.

Accordingly, the Court **DENIES** the government's motion.

### D. Number 5: Testimony from De Anda's Expert Witness Regarding Mental State

The government seeks to exclude testimony by De Anda's expert witness, Dr. Cheryl-Grace Patty, regarding whether she had the requisite mental state or condition constituting an element of the crime charged. Gov't Sealed Mot. at 4. It argues Dr. Patty must limit her testimony "to the diagnosis, the facts upon which the diagnosis is based, and the characteristics of any mental disease or defect of the defendant," but may not testify as to whether De Anda lacked the specific intent required under the statute. *Id.*

In response, De Anda argues Dr. Patty's testimony is admissible under Rule 704 because she will not testify that she De Anda did or did not have the specific intent to annoy or harass, or that she acted in good faith when she made the charged communications. Def.'s Opp'n at 9. Instead, she will testify regarding De Anda's mental health diagnosis, the facts upon which that diagnosis is based, and the characteristics of that diagnosis and its impacts on her behavior. *Id.* De Anda further argues that testimony that her mental health symptoms "cause her to escalate her behavior because she genuinely believes her responses are the only way to get her needs met by people and entities that she perceives as fundamentally aligned against her interests does not

9

'necessarily compel' a conclusion about her mens rea," and is therefore admissible. *Id.*

"In a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone." Fed. R. Evid. 704; *United States v. Morales*, 108 F.3d 1031, 1037 (9th Cir. 1997) (holding that Rule 704(b) prohibits an expert witness in a criminal case from "stat[ing] an opinion or draw[ing] an inference which would necessarily compel the conclusion" that the defendant lacked the requisite mental state). However, evidence of a defendant's mental condition is admissible for the purpose of disproving specific intent. *United States v. Twine*, 853 F.2d 676, 679 (9th Cir. 1988). "While 'psychological or psychiatric evidence that negates the essential element of specific intent can be admissible,' the admission of such evidence 'will depend upon whether the defendant clearly demonstrates how such evidence would negate intent rather than merely present a dangerously confusing theory of defense more akin to justification and excuse." *United States v. Jackson*, 2016 WL 4472932, at *1 (C.D. Cal. Aug. 22, 2016), *aff'd sub nom. United States v. Jackson*, 757 F. App'x 547 (9th Cir. 2018) (quoting *United States v. Brown*, 326 F.3d 1143, 1147 (10th Cir. 2003) (internal citation and quotations omitted). "[A] district court deciding whether to admit expert testimony should evaluate whether that *testimony* will assist the trier of fact in drawing its own conclusion as to a 'fact in issue' and should not limit its consideration to the existence or strength of an expert's *opinion*." *United States v. Christian*, 749 F.3d 806, 811 (9th Cir. 2014) (emphasis in original) (citation and quotations omitted).

Here, it is undisputed that section 653m(b) has a specific intent requirement, which makes it possible that there is a direct link between evidence of a mental impairment and the specific mens rea the government must prove. Thus, the Court must determine whether testimony proffered by Dr. Patty is admissible for disproving specific intent. The Court finds the Ninth Circuit's decision in *Christian* instructive on that point. There, the defendant was convicted of two counts of transmitting through interstate commerce an email communication containing a threat to injure the person of another, in violation of 18 U.S.C. § 875(c). 749 F.3d at 808. Christian had sought to raise a diminished capacity defense to establish that he was incapable of

10

forming the specific intent to threaten as required by the charged offense, but the district court precluded his proffered expert witness from testifying. *Id.* at 809. The Court of Appeals vacated and remanded for a new trial, holding that the court abused its discretion by not considering whether the expert's testimony "would have helped the jury assess Christian's diminished capacity defense" in deciding whether he "had the capacity to form the specific intent to threaten when he sent the emails at issue." *Id.* at 811, 815.

From the court's holding in *Christian*, it is clear that the Court cannot exclude Dr. Patty's testimony if it would be relevant and helpful in deciding whether De Anda had the capacity to form the necessary specific intent under section 653m(b). *Id.* at 811; *see also United States v. Cohen*, 510 F.3d 1114, 1122-23, 1126 (9th Cir. 2007) (where defendant was charged with willful violations of federal tax law and the court denied him the opportunity to admit expert testimony from a psychiatrist that he suffered from narcissistic personality disorder which caused him to cling to his views about federal tax law despite overwhelming evidence that these views were incorrect, the Ninth Circuit determined that the testimony should have been admitted under Rule 704 because the jury would still have had to draw its own inference from that predicate testimony to answer the ultimate factual question, whether the defendant knew that the tax returns at issue were false). Here, having reviewed Dr. Patty's proffered testimony (submitted by the government under seal), the Court finds it is both relevant and helpful in determining whether De Anda had the specific intent required under the statute. As such, while Dr. Patty cannot testify as to whether De Anda did or did not have a mental state or condition that constitutes an element of 653m(b) or of a defense, the Court finds her testimony regarding the psychological evaluation she conducted and any medical diagnoses she made admissible.

Accordingly, the Court **GRANTS** the government's motion to the extent De Anda seeks to proffer Dr. Patty's testimony on the ultimate issue of whether she did or did not have a mental state or condition that constitutes an element of section 653m(b). However, Dr. Patty may testify as to her evaluation and diagnosis of De Anda, the facts upon which her diagnosis is based, and the characteristics of any mental condition De Anda may have.

11

**E.     Number 6: Testimony Regarding De Anda's Medical History**

The government requests the Court exclude, under Rule 403, testimony from Dr. Patty regarding whether De Anda was "being denied appropriate treatment and acting in good faith due to her perceptions being altered" by any mental condition from which she may suffer. Gov't Sealed Mot. at 5. It argues that such testimony creates unfair prejudice against the victims in this case as "the trier of fact will have a natural tendency to sympathize with De Anda." In response, De Anda argues testimony regarding her treatment options and medical history is relevant to the issue of specific intent. Def.'s Opp'n at 11.

The Court finds testimony regarding whether De Anda was denied appropriate treatment is relevant and probative because it is circumstantial evidence of her specific intent in making the communications. De Anda notes the government has produced witness statements in which their proposed witnesses opine the VA exhausted all resources regarding her healthcare and that she continually declined what was offered. *Id.* Such a statement can be contradicted by Dr. Patty's testimony as to what treatments were indicated for any condition from which De Anda may suffer. Dr. Patty's testimony about the facts underlying her mental health diagnosis is also probative because it forms part of the basis for her opinion of De Anda's mental condition and its impacts. Further, as discussed above, unfair prejudice under Rule 403 will not be a concern in this bench trial. Accordingly, the Court **DENIES** the government's motion.

### III.     SOPHIA DE ANDA'S MOTIONS IN LIMINE

**A.     Number 1: Bill of Particulars**

De Anda first argues the Court should order the government to provide a bill of particulars that identifies the alleged victims. Def.'s Mot. at 2. She notes that although she is charged with making repeated communications with the intent to harass and annoy, the information does not indicate who the alleged victims are. *Id.* De Anda contends that "in order for the conduct to be made with the required specific intent to annoy and harass, it must have been directed at a specific person." *Id.* at 3. She maintains she "cannot adequately prepare a defense without knowledge of who the alleged victim of her 'repeated electronic communications' is." *Id.* at 2.

In response, the government asserts that "every VA employee who was a recipient of the

repeated telephone calls or repeated emails is a victim in this case if that recipient suffered direct physical, emotional, or pecuniary harm as a result of the communications from De Anda." Gov't Opp'n at 2. The government also asserts that "each VA individual specifically named in the body of the email, though not a recipient of the email, is a victim if that individual suffered direct physical, emotional, or pecuniary harm as a result of the communications from De Anda." *Id.* The government notes it filed a witness list (ECF No. 26) and an exhibit list (ECF No. 28) with the witnesses and exhibits the government intends to offer as evidence at the trial, "and the discovery provided to De Anda clearly articulates the theory upon which the government plans to proceed." *Id.* at 2-3. It therefore argues a bill of particulars is not necessary. Gov't Opp'n at 3.

Federal Rule of Criminal Procedure 7(f) provides that "[t]he court may direct the government to file a bill of particulars." The purposes of a bill of particulars are "to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes." *United States v. Ayers*, 924 F.2d 1468, 1483 (9th Cir. 1991) (quoting *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979)). Thus, the purposes of a bill of particulars are served "if the indictment itself provides sufficient details of the charges and if the Government provides full discovery to the defense." *United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984). "A defendant is not entitled to know all the Evidence the government intends to produce, but only the Theory of the government's case." *Giese*, 597 F.2d at 1181 (citation and quotations omitted). The Court has "very broad discretion" in deciding whether a bill of particulars is warranted. *Will v. United States*, 389 U.S. 90, 99 (1967).

To establish a violation of section 653m(b), the government must prove De Anda made repeated contact by means of an electronic communication device "to another person." Cal. Pen. Code § 653m(b). As clarified by the California Court of Appeals in *People v. Astalis*, this conduct must be "directed at a *specific* person." 226 Cal. App. 4th Supp. 1, 5 (2014) (emphasis added). In this case, the Court finds De Anda has been provided with information that reveals the theory of the government's case and fully apprises her of the nature of the charges against her. Although De

13

Anda argues "she has not been meaningfully informed of the allegations against her" because "the information does not specify who the 'specific person' is," Def.'s Mot. at 3, the information provides that De Anda made repeated contact to a specific person, namely "employees of the Veteran's Affairs Office in Menlo Park." ECF No. 22 at 1-2. De Anda fails to show that the names of those employees are relevant. Further, the purpose of a bill of particulars is not to provide a list of government witnesses. *See Yeargain v. United States*, 314 F.2d 881, 882 (9th Cir. 1963) (the function of a bill of particulars "is not to provide a defendant with names of government witnesses.") (citing *Duke v. United States*, 255 F.2d 721, 729 (9th Cir. 1958); *see also United States v. Landry*, 2015 WL 602356, at *2 (N.D. Cal. Feb. 11, 2015) (government need not identify every individual involved in the defendants' alleged wrongdoing). A defendant "is not entitled to know all the evidence the government intends to produce, but only the theory of the government's case." *Yeargain*, 314 F.2d at 882.

Therefore, the Court finds the government need not provide the names of all government employees and a bill of particulars is unnecessary. The Court **DENIES** De Anda's motion.

**B.     Number 2: Rule 404(b) Other Acts Evidence**

In her second motion, De Anda seeks to exclude three categories of "other acts" evidence. Def.'s Mot. at 4-6.

    **1.     Acts in the Government's June 3, 2019 Disclosure –**

First, De Anda argues any communications disclosed in the government's June 3, 2019 notice should be excluded because the Court's April 18, 2019 Case Management Order required disclosure by May 29, 2019. Def.'s Mot. at 4; *see also* ECF No. 21 (Case Management Order). However, as discussed above, although the government's June 3 notice came five days after the deadline, disclosure was still over four weeks before trial and the Court finds this amount of time reasonable. Therefore, the Court declines to exclude these communications on timeliness grounds.

    **2.     Substance Abuse and Mental Health**

Next, De Anda argues that, because the government has not noticed any evidence about her mental health or prior substance abuse, the Court should preclude the government from admitting any such evidence. Def.'s Mot. at 4. She states that she does not intend to put forth an

14

intoxication defense, and therefore any such testimony is irrelevant. *Id.* She also argues that "no anticipated witness has sufficient personal knowledge or expertise to lay a sufficient foundation, and no expert testimony has been noticed." *Id.*

In response, the government states it does not intend to elicit any testimony speculating as to De Anda's substance abuse or mental health in its case-in-chief. Gov't Opp'n at 8. Accordingly, the Court **GRANTS** De Anda's motion. However, the government argues that "if De Anda opens the door by introducing evidence that would suggest that employees at the VA Menlo Park Campus were purposely not providing adequate care to De Anda or that she had no prior history of substance abuse or mental health issues, then the government would be entitled to rebut such an assertion to prevent the trier of fact from being misled." *Id.* The Court agrees and therefore grants De Anda's motion with the understanding that the government is entitled to rebut evidence introduced by De Anda that would suggest employees at the VA were purposefully not providing adequate care or that she had no prior history of substance abuse or mental health issues.

### 3. Whether the Government's 404(b) Notices are Insufficient

Finally, De Anda argues the government's May 29 and June 3, 2019 disclosures are insufficient because they do not articulate the theory that would allow the communications to be admitted as required under Rule 404(b). Def.'s Mot. at 6. This motion is duplicative of the government's third motion in limine, which seeks to admit these same communications under Rule 404(b). And, as discussed above, the government has shown that it intends to use the communications for a valid purpose – to prove that De Anda had the specific intent to annoy or harass within the charged conduct.[3] As such evidence is relevant, the Court **DENIES** De Anda's motion to exclude based on inadequate notice.

## C. Number 3: Prior Convictions

De Anda requests the Court exclude any mention of a prior felony, her 2005 conviction for violating California Penal Code section 245(a), assault with force likely to cause great bodily

---

[3] It is the government's burden to identify how the noticed other acts evidence "is relevant to one or more issues in the case; specifically, it must articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." *United States v. Mehrmanesh*, 689 F.2d 822, 830 (9th Cir. 1982) (citations omitted).

injury. Def.'s Mot. at 6. She argues the prior conviction has little or no impeachment value because it does not relate to her truthfulness and, as such, unless she were to deny the very existence of her criminal history, evidence of the prior conviction would have no acceptable impeachment value. *Id.* at 6-7. She notes the conduct occurred over 15 years ago and she has suffered no arrests in the intervening time. *Id.* at 7. The government does not oppose this motion. Gov't Opp'n at 2. Accordingly, the Court **GRANTS** De Anda's motion.

### D. Number 4: Evidence of Any Emotional Impact of the Electronic Communications

De Anda requests the Court exclude evidence of any emotional impact of her statements as well as any testimony about whether a receiver believed the communications to be annoying or harassing. Def.'s Mot. at 8. She argues such evidence has no probative value because the statute does not require that her communications were annoying or harassing, only that she intended them to be. *Id.* at 9. She further argues that that testimony regarding the emotional impact on the hearer is more prejudicial than probative under Rule 403 because such evidence can invoke the trier of fact's "'personal likes or dislikes, sympathy, prejudice, fear or public opinion.'" *Id.* (quoting Duty of Jury, Ninth Cir. Man. Model Crim. Jury Ins. § 1.1 (amend. Sep. 2017)).

In response, the government states it intends to elicit testimony that one of the recipients of De Anda's communications "felt scared and concerned, that she changed her behavior after being harassed and annoyed, and that she took actions to protect herself and others in response, including notifying the police and increasing security at her businesses." Gov't Opp'n at 8. It argues this testimony is relevant and admissible "because it helps establish that De Anda's recurring and frequent contacts continued through the charged conduct with the knowledge that her communications would be viewed as behavior intended to harass or annoy." *Id.*

The Court agrees that the government does not have to show De Anda's communications were annoying or harassing as it is only required "to prove that the caller's subjective purpose in making the call was to annoy or harass." *Astalis*, 226 Cal. App. 4th Supp. at 11. Thus, a victim's subjective fear is not a required element and the charge can be proved regardless of whether the recipient of the communications perceived them as annoying or harassing. *See Twine*, 853 F.2d at 680 ("specific intent [ ] cannot be satisfied merely by showing that defendant failed to conform to

16

an objective standard.") (citation and quotations omitted); *People v. Johnson*, 61 Cal. 4th 734, 776 (2015) (fact that call recipients testified they did not take defendant's threats seriously "does not foreclose application of section 653m because a victim's subjective fear is not a required element of the crime.").

However, "[d]irect proof of wrongful intent is 'rarely available.'" *United States v. Berger*, 2018 WL 6019299, at *2 (N.D. Cal. Nov. 16, 2018) (quoting *United States v. Dearing*, 504 F.3d 897, 901 (9th Cir. 2007)). "Specific intent may therefore be demonstrated by circumstantial evidence alone." *Id.* (citing *United States v. Rogers*, 321 F.3d 1226, 1230 (9th Cir. 2003)); *see also United States v. Black*, 995 F.2d 233 (9th Cir. 1993) (The trier of fact "may infer that the defendant acted with the requisite specific intent based on circumstantial evidence.") (citing *United States v. McInnis*, 976 F.2d 1226, 1230-31 (9th Cir. 1992); *United States v. Skillman*, 922 F.2d 1370, 1373 (9th Cir. 1990)); *United States v. Jenkins*, 633 F.3d 788, 804 (9th Cir. 2011).

Further, in construing section 653m(b), California courts have noted that "[t]he meaning of words is always contextual," and the communication at issue "must be judged in its entirety, including the context in which is presented." *In re C.C.*, 178 Cal. App. 4th 915, 921 (2009). Here, the Court finds evidence of emotional impact of De Anda's communications could have probative value. For instance, the government could show through circumstantial evidence that De Anda was aware of the witnesses' emotional response and continued such communication with the knowledge that her actions were annoying or harassing. Such evidence could also negate a defense that De Anda acted in good faith. This testimony is relevant and admissible because it helps establish that De Anda's communications would be viewed as behavior intended to harass or annoy, giving De Anda "a reasonable opportunity to know what is prohibited, so that [s]he may act accordingly." *Astalis*, 226 Cal. App. 4th Supp. at 11 (quoting *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972)).

Finally, as discussed above, the exclusion of such evidence under Rule 403 based on the possibility of unfair prejudice is not a relevant analysis in a bench trial. Accordingly, the Court **DENIES** De Anda's motion.

### E. Number 5: Defense Subpoena of Government Witnesses

The government has indicated it may offer three witnesses at trial, all with the VA in Menlo Park: (1) Ann LeFevre, Social Worker; (2) Philip Witter, Program Analyst; and (3) Li Gapasin, Chief Health Administrator. Gov't Witness List, ECF No. 26. De Anda requests the Court designate all government witnesses as under defense subpoena unless released. Def.'s Mot. at 9. She notes that government witnesses noticed for trial occasionally are released by the government without informing the defense, and that a subpoena is necessary to retain access to these witnesses. *Id.* The government does not oppose this motion. Gov't Opp'n at 2. Accordingly, De Anda's motion is **GRANTED**.

### F. Number 6: Request to Exclude Government Witnesses from the Courtroom

Finally, De Anda requests the Court exclude government witnesses from the courtroom, both before and after their testimony. Def.'s Mot. at 10. Federal Rule of Evidence 615 provides that "[a]t a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony." "'The rule makes the exclusion of witnesses a matter of right and the decision is no longer committed to the court's discretion as it once was.'" *United States v. Brewer*, 947 F.2d 404, 408 (9th Cir. 1991) (quoting *United States v. Ell*, 718 F.2d 291, 292 (9th Cir. 1983)). The government does not oppose this motion. Gov't Opp'n at 2. Accordingly, De Anda's motion is **GRANTED**.

## IV. CONCLUSION

For the reasons stated above, the Court **ORDERS** as follows:

1) The government's motion in limine number 1 is **GRANTED** as to its introduction of De Anda's properly authenticated out of court statements but **DENIED t**o the extent it seeks to preclude De Anda from introducing any out of court statements previously made by her, as such a decision is better made at the time she seeks to introduce any such statements.

2) The government's motion in limine number 2 is **DENIED**.

3) The government's motion in limine number 3 is **GRANTED**.

4) The government's motion in limine number 4 is **DENIED**.

5) The government's motion in limine number 5 is **GRANTED** to the extent De Anda may

seek to proffer expert testimony on the ultimate issue of whether she did or did not have a mental state or condition that constitutes an element of section 653m(b). However, Dr. Patty may testify as to her evaluation and diagnosis of De Anda, the facts upon which her diagnosis is based, and the characteristics of any mental condition De Anda may have.

6) The government's motion in limine number 6 is **DENIED**.

7) De Anda's motion in limine number 1 is **DENIED**.

8) De Anda's motion in limine number 2 is **DENIED** as to communications in the government's June 3, 2019 disclosure based on timeliness grounds, **GRANTED** as to evidence regarding De Anda's substance abuse or mental health with the understanding that the government is entitled to rebut evidence introduced by De Anda that would suggest employees at the VA were purposefully not providing adequate care or that she had no prior history of substance abuse or mental health issues, and **DENIED** as to her request to exclude the government's May 29 and June 3, 2019 disclosures on notice grounds.

9) De Anda's motion in limine number 3 is **GRANTED**.

10) De Anda's motion in limine number 4 is **DENIED**.

11) De Anda's motion in limine number 5 is **GRANTED** and designates Ann LeFevre, Philip Witter, and Li Gapasin as under defense subpoena until released.

12) De Anda's motion in limine number 6 is **GRANTED**.

**IT IS SO ORDERED.**

Dated: July 2, 2019

THOMAS S. HIXSON
United States Magistrate Judge