UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SOPHIA DE ANDA,<br><br>Defendant. | Case No. 18-cr-00538-TSH-1<br><br>**ORDER GRANTING IN PART DEFENDANT'S SUPPLEMENTAL MOTION IN LIMINE**<br><br>Re: Dkt. No. 39 |

In response to the government's disclosure of its witness list, Defendant Sophia De Anda filed a supplemental motion in limine requesting that the Court exclude unnoticed expert witness testimony.[1] ECF No. 39. The government's witness list includes three Veterans Affairs employees: Ann Lefevre, Philip Witters, and Li Gapasin. ECF No. 26. De Anda argues that none of those witnesses were noticed as experts and none of them should be allowed to testify as to: "1) Veterans Affairs and Choice program policies and procedures; 2) Veterans Affairs and Choice program resources and scope of services provided; and 3) appropriate or inappropriate treatments for Ms. De Anda's mental health condition and symptoms." Mot. at 2. De Anda states she is concerned that the government has produced statements in which their proposed witness Li Gapasin opines that "[w]e have exhausted all resources with Mr. De Anda regarding him obtaining his healthcare which he has continually denied when offered." *Id.* (citing Statement of Li Gapasin, US-000160).[2]

---

[1] Although De Anda filed the motion after the deadline, the Court previously stated it shall consider the motion and granted the government an opportunity to file a response. ECF No. 40.
[2] According to De Anda, Philip Witters is a program analyst with the "Choice" program assigned to her case and Ann Lefevre, who is or was a Clinic Coordinator for two mental health and counseling centers within the VA, did not treat her but managed her care as an administrator. *Id.* who did not treat Ms. De Anda but managed her care as an administrator

The government opposes De Anda's motion, arguing it "is founded on the inaccurate premise that testimony by Veterans Affairs employees regarding the work they conducted in the scope of their employment with respect to Ms. De Anda is expert testimony." Opp'n at 2, ECF No. 41. The government states it does not intend for the witnesses to opine on De Anda's mental health condition and symptoms nor on whether she received appropriate treatment. *Id.* However, it does intend to examine with these witnesses what the Choice program is, in general, in order to explain the scope and effect of De Anda's actions on these witnesses. *Id.* The government argues this is testimony that does not require specialized knowledge and is based upon the percipient witness's numerous interactions with De Anda. *Id.* With respect to De Anda's concern regarding Li Gapasin, the government states it will not seek to introduce testimony that the Veterans Affairs "exhausted all resources with Mr. De Anda regarding him obtaining his healthcare which he has continually denied when offered in its case-in-chief." *Id.*

A lay witness is limited to testimony that is: "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. The 2000 advisory committee notes explain that "lay testimony 'results from a process of reasoning familiar in everyday life,' while expert testimony 'results from a process of reasoning which can be mastered only by specialists in the field.'" *Id.*, 2000 adv. committee notes (quoting *State v. Brown*, 836 S.W.2d 530, 549 (1992)). "The admissibility of lay opinion testimony under Rule 701 is committed to the sound discretion of the trial judge." *United States v. Barragan*, 871 F.3d 689, 704 (9th Cir. 2017) (citations and quotations omitted).

Here, there appears to be no dispute that each witness's direct knowledge of his or her interactions with De Anda in the context of their work is relevant testimony. Further, "the line between lay and expert opinion depends on the basis of the opinion, not its subject matter." *Barragan*, 871 F.3d at 704. Thus, courts consistently allow witnesses to testify as to certain knowledge they have by virtue of their positions. *See Lucido v. Nestle Purina Petcare Co.*, 217 F. Supp. 3d 1098, 1103-04 (N.D. Cal. 2016) (collecting cases). As the government's proposed witnesses are employees of the Veterans Affairs Menlo Park, their interpretation of statements

2

made by De Anda are relevant to the overall context of their interactions with her. This is admissible lay testimony because it is based on each witness's personal knowledge from specific interactions with De Anda. The government has stated that it will not call on these witnesses to opine on De Anda's mental health condition and symptoms or whether she received appropriate treatment. It has also stated that any testimony regarding the Choice program will be limited to what the program is, in general, in the context of the witnesses' positions. The Court finds this is proper lay testimony based on personal knowledge of facts within the witnesses' positions at the Veterans Affairs. Accordingly, De Anda's motion is **GRANTED** as to her request to exclude testimony from these witnesses regarding appropriate or inappropriate treatments for Ms. De Anda's mental health condition and symptoms. Her motion is **DENIED** as to testimony as lay persons based on their experience as Veterans Affairs employees, including Veterans Affairs and Choice program resources and services.

**IT IS SO ORDERED.**

Dated: July 2, 2019

THOMAS S. HIXSON
United States Magistrate Judge